found in accordance with the doctrine of these cases. See also Webb v. United States, 249 U. S. 96, 39 S. Ct. 217, 63 L. Ed. 497; Jin Fuey Moy v. United States, 254 U. S. 189, 41 S. Ct. 98, 65 L. Ed. 214. These are the only criticisms made of the proceedings in the trial court. The judgment is affirmed, and the mandate will issue forthwith.

---

**1**

Louis BROWNSTEIN and Max Belfer, as Copartners. etc., Plaintiffs in Error, v. UNITED STATES, Defendant in Error.* (Circuit Court of Appeals, Second Circuit. January 23, 1925.) No. 176. In Error to the District Court of the United States for the Southern District of New York. Archibald Palmer, of New York City (Joseph G. M. Browne, of New York City, of counsel), for plaintiffs in error. William Hayward, U. S. Atty., of New York City (Moses Polakoff,· Asst. U. S. Atty., of New York City, of counsel), for the United States. Before ROGERS, MANTON, and LEARNED HAND, Circuit Judges.

PER CURIAM. Judgment affirmed.

---

**2**

C. F. HARMS COMPANY,, Libelant-Appellant, v. TURNER CONSTRUCTION COMPANY, Defendant-Appellee. (Circuit Court of Appeals, Second Circuit. December 15, 1924.) No. 15. Appeal from the District Court of the United States for the Eastern District of New York. Before HOUGH and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. This cause was heard November 5, 1924, and an opinion filed (3 F.[2d] 591), affirming the result reached below, viz. dismissal of the libel. But, as our opinion shows, we concurred in the result below solely on the ground that libelant had not succeeded in showing any negligence on the part of the respondent by a fair preponderance of proof. Libelant failed for lack of sufficient evidence. We are now advised that, not only did Harms Company sue Turner Company in this suit for injury to a barge, but Turner Company filed an independent libel against Harms Company to recover for injury to cargo laden on Harms Company's barge and belonging to Turner Company. This was not a technical cross-libel, nor was any order of consolidation ever entered; but in this case (and therefore contained in the apostles herein) the parties to both suits stipulated that, if in this case the respondent (Turner Company) had a favorable decree, then Turner Company, as libelant in the other litigation, should likewise have a favorable decree. It now appears that the respondent here (Turner Company) has a favorable decree solely because Harms Company could not produce sufficient evidence. Therefore application is now made to relieve Harms Company of the stipulation aforesaid. We think it plainly unjust that Turner Company should recover for its cargo solely because Harms Company failed to prove its case. Evidently the stipulation was not made with an eye to what subsequently happened. Further, it would be unfair to decide a case of cargo injury upon what we regard as insufficient evidence to prove negligence on the part of a charterer and/or consignee. Nor can we consider and decide that case because it is not before us. Therefore all we can do is to act on what is before us, to wit, the stipulation. The parties are hereby relieved from that stipulation, and left to pursue such remedies as may be afforded by the suit of Turner Company v. Harms Company.

---

**3**

Stanley CHLEBEK v. UNITED STATES. (Circuit Court of Appeals, Sixth Circuit. March 13, 1925.) No. 4275. In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge. Richard L. Newnham of Grand Rapids, Mich., for plaintiff in error. Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich.

PER CURIAM. Judgment of the District Court affirmed.

---

**4**

Stanley CHLEBEK v. UNITED STATES. (Circuit Court of Appeals, Sixth Circuit. March 13, 1925.) No. 4276. In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge. Richard L. Newnham, of Grand Rapids, Mich., for plaintiff in error. Edward J. Bowman, U. S. Atty., of Grand Rapids, Mich.

PER CURIAM. Judgment of the District Court affirmed.

---

**5**

John CORNELL and George Gilmore, Plaintiffs in Error, v. UNITED STATES, Defendant in Error. (Circuit Court of Appeals. Second Circuit. December 2, 1924.) No. 84. In Error to the District Court of the United States for the Eastern District of New York. Meyer Greenberg, of New York City, for plaintiff in error Cornell. Alexander S. Drescher, of Brooklyn, N. Y., for plaintiff in error Gilmore. Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Wm. A. De Groot, Asst. U. S. Atty. of Brooklyn, N. Y., of counsel), for the United States. Before ROGERS and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

PER CURIAM. Judgment affirmed.

---

**6**

Everett Flint DAMON, ex rel. CHIN HEN YOUE, Petitioner, Appellant, v. John P. JOHNSON, U. S. Commissioner of Immigration, Respondent, Appellee. (Circuit Court of Appeals, First Circuit. February 17, 1925.) Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge. Everett Flint Damon, of

*Certiorari denied 45 S. Ct. 355, 69 L. Ed. —-.